John K. Buche (SBN 239477)
Byron E. Ma (SBN 299706)
BUCHE & ASSOCIATES, P.C.
2029 Century Park E., Suite 400N
Los Angeles, CA 90067
Tel: (310) 593-4193
Fax: (858) 430-2426
jbuche@buchelaw.com
bma@buchelaw.com

*Attorneys for Defendants
Yasa Marketing Inc. dba Mazuma Trading Co.
and Jorge Gutierrez*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIORNIA**

| | |
|---|---|
| JOSE RIGOBERTO RUIZ ROSAS, an individual; P'URHEPECHA DEL VALLE, INC., a California corporation,<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>YASA MARKETING INC. DBA MAZUMA TRADING CO., an Illinois Corporation; JORGE GUTIERREZ, an individual; and, DOES 1 through 50,<br><br>Defendants/Counterclaimants. | Case No.: 8:21-cv-00422-JLS-DFM<br><br>**DEFENDANTS YASA MARKETING INC. DBA MAZUMA TRADING CO. AND JORGE GUTIERREZ'S ANSWER AND COUNTERCLAIMS**<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Defendants Yasa Marketing Inc. dba Mazuma Trading Co. ("Yasa") and Jorge Gutierrez ("Gutierrez") (collectively "Defendants") by and through its attorneys, Buche & Associates, P.C., and answer Plaintiffs Jose Rigoberto Ruiz Rosas ("Rosas") and P'urhepecha Del Valle, Inc.'s ("PDV") (collectively "Plaintiffs") First Amended Complaint ("FAC") as follows:

## THE PARTIES

1.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the FAC.

2.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the FAC.

3.    Admit.

4.    Admit.

5.    Admit.

6.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the FAC.

7.    Deny.

## JURISDICTION AND VENUE

8.    Admit.

9.    Admit.

10.    Admit.

11.    Defendants deny that they engaged in conduct that has had an effect on Plaintiffs in California.  Defendants admit to the remaining allegations contained in Paragraph 11 of the FAC.

12.    Defendants admit that venue is proper in this jurisdiction but deny the remaining allegations contained in Paragraph 12 of the FAC.

## BACKGROUND FACTS

DEFENDANTS' ANSWER AND COUNTERCLAIMS

13.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of the FAC, and accordingly, deny the same.

14.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of the FAC, and accordingly, deny the same.

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 of the FAC, and accordingly, deny the same.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 of the FAC, and accordingly, deny the same.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 of the FAC, and accordingly, deny the same.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 of the FAC, and accordingly, deny the same.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 of the FAC, and accordingly, deny the same.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 of the FAC, and accordingly, deny the same.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 of the FAC, and accordingly, deny the same.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 of the FAC, and accordingly, deny the same.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the FAC, and accordingly, deny the same.

DEFENDANTS' ANSWER AND COUNTERCLAIMS

24.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the FAC, and accordingly, deny the same.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 of the FAC, and accordingly, deny the same.

26.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 of the FAC, and accordingly, deny the same.

27.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 of the FAC, and accordingly, deny the same.

28.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 of the FAC, and accordingly, deny the same.

29.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 of the FAC, and accordingly, deny the same.

30.     Defendants deny that they sold "identical Salsa Products . . . using the CO-SECHA P'URHEPECHA MARK."  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 30 of the FAC, and accordingly, deny the same.

31.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 of the FAC, and accordingly, deny the same.

32.     Defendants deny Martinez was supplying Salsa Products to Defendants.  Defendants also deny they sell the Salsa Products using the COSECHA P'URHEPECHA MARK.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 32 of the FAC, and accordingly, deny the same.

33.     Deny.

34.     Deny.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Admit.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

## FIRST CAUSE OF ACTION

*Alleged* Interference with Contractual Relationship

(By Plaintiffs against all Defendants)

44.     Paragraph 44 of the FAC does not require a response.

45.     Defendants deny they were aware of Plaintiff's alleged contractual relationship with Martinez.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 45 of the FAC, and accordingly, deny the same.

46.     Deny.

47.     Deny.

48.     Deny.

DEFENDANTS' ANSWER AND COUNTERCLAIMS

49.     Deny.

50.     Deny.

## SECOND CAUSE OF ACTION

### *Alleged* Tort of Another

### (By RUIZ against all Defendants)

51.     Paragraph 51 of the FAC does not require a response.

52.     Deny.

53.     Deny.

## THIRD CAUSE OF ACTION

### (*Alleged* Federal Trademark Infringement)

### (By RUIZ against All Defendants)

54.     Paragraph 54 of the FAC does not require a response.

55.     Admit.

56.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 56 of the FAC, and accordingly, deny the same.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny.

6

64. Deny.

65. Deny.

66. Deny.

## FOURTH CAUSE OF ACTION

(*Alleged* Violation of Lanham Act Section 43(a))

(By RUIZ against all Defendants)

67. Paragraph 67 of the FAC does not require a response.

68. Admit.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

## FIFTH CAUSE OF ACTION

(*Alleged* Common Law Trademark Infringement)

(By RUIZ against all Defendants)

76. Paragraph 76 of the FAC does not require a response.

77. Deny.

78. Deny.

79. Deny.

DEFENDANTS' ANSWER AND COUNTERCLAIMS

80.     Deny.

81.     Deny.

82.     Deny.

## **SIXTH CAUSE OF ACTION**

(*Alleged* Violation of California Business and Professions Code §§ 17200, *et seq.*)

(By Plaintiffs against all Defendants)

83.     Paragraph 83 of the FAC does not require a response.

84.     Admit.

85.     Deny.

86.     Deny.

87.     Deny.

88.     Deny.

89.     Deny.

90.     Deny.

91.     Deny.

## **SEVENTH CAUSE OF ACTION**

(*Alleged* Common Law Unfair Competition)

(By Plaintiffs against all Defendants)

92.     Paragraph 92 of the FAC does not require a response.

93.     Deny.

94.     Deny.

95.     Deny.

DEFENDANTS' ANSWER AND COUNTERCLAIMS

96.   Deny.

97.   Deny.

98.   Deny.

## EIGHTH CAUSE OF ACTION

*Alleged* Intentional Interference with Prospective Economic Advantage

(By Plaintiffs against all Defendants)

99.   Paragraph 99 of the FAC does not require a response.

100.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 101 of the FAC, and accordingly, deny the same.

101.   Deny.

102.   Deny.

103.   Deny.

104.   Deny.

## NINTH CAUSE OF ACTION

*Alleged* Negligent Interference with Prospective Economic Advantage

(By Plaintiffs Against all Defendants)

105.   Paragraph 105 of the FAC does not require a response.

106.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 101 of the FAC, and accordingly, deny the same.

107.   Deny.

108.   Deny.

109.   Deny.

## TENTH CAUSE OF ACTION

*Alleged* Unjust Enrichment

(By Plaintiffs against all Defendants)

110.   Paragraph 110 of the FAC does not require a response.

111.   Deny.

112.   Deny.

113.   Deny.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the requested relief or remedies under Plaintiffs' Prayer for Relief paragraphs 1 through 10.

## DEMAND FOR JURY TRIAL

Plaintiffs' demand for a trial by jury does not require a response.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants reserve the right to supplement its affirmative defenses as the action proceeds.

## FIRST AFFIRMATIVE DEFENSE

(*Failure to State a Claim*)

Plaintiffs' FAC and each purported claim against Defendants therein fail to state facts upon which relief can be granted against Defendants under Fed. R. Civ. P. 12(B)(6) and case law interpreting the same.

## SECOND AFFIRMATIVE DEFENSE

(*Laches*)

DEFENDANTS' ANSWER AND COUNTERCLAIMS

The claims made in the FAC are barred by laches, in that Plaintiffs have unreasonably delayed efforts to enforce its rights, if any.

### THIRD AFFIRMATIVE DEFENSE

(*Waiver, Acquiescence, and Estoppel*)

Each of the purported claims set forth in the FAC are barred by the doctrines of waiver, acquiescence, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

(*Fraud on the United States Patent and Trademark Office ("PTO")*)

Defendants assert Plaintiffs' claims are barred by reason of fraud on the United States Patent and Trademark Office ("PTO"). On March 21, 2012, Plaintiff Rigoberto Ruiz Rosas's attorney of record, submitted a declaration to the PTO in the application for U.S. Trademark Reg. No. 4,285,208 ("the '208 Registration") stating, "he/she believes the applicant to be the owner of the trademark/servicemark sought to be registered . . . to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce . . ." This is false. Plaintiff Rosas was not the owner of the mark CO-SECHA P'URHEPECHA and he explicitly agreed in a distribution agreement that he was not the owner of the mark for COSECHA P'URHEPECHA. Plaintiff Rosas, at all relevant times, knew that the Manufacturer, Mr. Antonio Farfan Martinez ("Manufacturer"), owned the rights to the name COSECHA P'URHEPECHA. Ex. A. pp. 3, 6; *see also* Doc. Nos. 1-2, 13-2. Plaintiff, through his counsel, knowingly made false, material misrepresentations to the PTO as to its ownership of the '208 Registration with the intent to mislead and deceive the PTO and procure a registration to which it was not entitled. PTO reasonably relied on Plaintiff Rosas's

DEFENDANTS' ANSWER AND COUNTERCLAIMS

knowing and false representations when it issued the '208 Registration. The Plaintiff Rosas's statements and conduct, through his attorney of record, constitute fraud on the PTO.

### FIFTH AFFIRMATIVE DEFENSE

(*Unclean Hands*)

Plaintiffs' claims are unenforceable by reason of Plaintiffs' unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

(*Mitigation of Damages*)

Defendants allege that Plaintiffs failed to mitigate, reduce, or avoid its damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

(*Innocent Infringement and Good Faith*)

To the extent that Plaintiff Rosas's trademark was allegedly infringed, Defendants acted in good faith, innocent of any knowledge or intent to infringe Plaintiff Rosas's alleged rights (which are not believed to be legitimate trademark rights).  If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded to Plaintiff should be correspondingly reduced.

### EIGHTH AFFIRMATIVE DEFENSE

(*Statute of Limitations*)

Plaintiffs' claims are barred by the statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

(*Justification*)

Defendants conduct was justified.

### TENTH AFFIRMATIVE DEFENSE

DEFENDANTS' ANSWER AND COUNTERCLAIMS

(*Fair Competition*)

Defendants conduct falls under the privilege of free competition and does not fall outside the bounds of fair competition.

## ELEVENTH AFFIRMATIVE DEFENSE

(*Privilege*)

Defendants claim that there was no interference with contractual relations because they acted only to protect their legitimate financial interests.

## TWELFTH AFFIRMATIVE DEFENSE

(*Third Party Conduct as Superseding Cause*)

Defendants are not responsible for Plaintiffs' alleged harm, if any, because of the misconduct of a third party.

## THIRTEENTH AFFIRMATIVE DEFENSE

(*Lack of Standing/Ownership of U.S. Trademark Reg. No. 4,285,208*)

Defendants allege that to the extent the '208 Registration is even valid, that the '208 Registration is not owned by Plaintiff Rosas and, instead, is owned by a third party that is not a party to this lawsuit.  Thus, Plaintiffs do not have standing to bring this lawsuit.

## RESERVATION OF DEFENSES

Defendants hereby reserve the right to supplement their defenses as discovery proceeds in this case.

## DEFENDANTS' DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

///

DEFENDANTS' ANSWER AND COUNTERCLAIMS

## DEFENDANTS' COUNTERCLAIMS

Without any waiver of any rights, Counterclaimants Yasa Marketing Inc. dba Mazuma Trading Co. ("Yasa") and Jorge Gutierrez ("Gutierrez") (collectively "Counterclaimants" or "Defendants") state as follows:

1.      On information and belief, Counterdefendant Jose Rigoberto Ruiz Rosas ("Rosas") is an individual who resides in the City of Orange, County of Orange, State of California.

2.      On information and belief, Counterdefendant P'urhepecha del Valle, Inc. ("P'urhepecha DV") is a corporation organized under the laws of the State of California with its principle place of business in the City of Orange, County of Orange, State of California.

3.      Counterclaimant Yasa Marketing, Inc. ("Yasa") is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.  Yasa does business as Mazuma Trading Co.

4.      Counterclaimant Jorge Gutierrez ("Gutierrez") is an individual and a resident of Illinois.

5.      Counterdefendants have consented to personal jurisdiction by commencing this action fin this judicial district, as set forth in Plaintiffs' First Amended Complaint.

6.      Counterdeendants have consented to venue in this District pursuant to at least 28 U.S.C. § 1391 for these counterclaims.

7.      In its First Amended Complaint, Counterdefendants assert that Counterclaimants have infringed U.S. Trademark Registration No. 4,285,208 ("the '208 Registration") by

marketing, advertising, planning to sell, and/or selling salsa products to retailers using the mark COSECHA P'URHEPECHA CLASICA ("COSECHA P'URHEPECHA MARK").

8.      Counterdefendants also assert, through alleged use of the COSECHA P'UR-HEPECHA MARK, it has engaged in unfair competition and false advertising of Lanham Act Section 43(a), 15 U.S.C. § 1125(a), common law trademark infringement, a violation of California Business and Professions Code §§ 17200, *et seq.*, and, common law unfair competition.

9.      Consequently, there is an actual case or controversy between the parties over the non-infringement and cancellation of the '208 Registration and the COSECHA P'URHEPE-CHA MARK.

10.      Counterclaimants do not sell or plan to sell salsa or any other products bearing the mark COSECHA P'URHEPECHA.

11.      Counterdefendant Rosas is the alleged owner of U.S. Trademark Registration No. 4,285,208 for "Salsa." The '208 Registration consists of the word "COSECHA", in stylized block letters, at the top of a circle below which, in the middle of the circle, is a stone pot with a brick shaped pestle. Under the stone pot and pestle is the word "CLASICA'S", in stylized cursive font, and below all of the foregoing, at the bottom of the circle and curving up the sides of the circle, is the word "P'URHEPECHA", in stylized block letters. The '208 Registration consists of the following design:



12.     In support of its Complaint and First Amended Complaint, Plaintiffs submitted a distribution agreement ("Distribution Agreement"), which was written in Spanish, between Plaintiff Rigoberto Ruiz Rosas, as a distributer, and a manufacturer, Mr. Antonio Farfan Martinez ("the Manufacturer").  Doc. Nos. 1-2; 13-2.  Defendants hereby submit a certified English translation of the Distribution Agreement as Exhibit A.

13.     In the Distribution Agreement, Rosas agreed that **the Manufacturer** "owns the rights derived from the formulas or recipes of the products with the name COSECHA P'URHEPECHA CLASICA'S MR., as well as the production and packaging of the aforementioned food products for distribution and sale . . ." Ex. A, p. 2.  Rosas also agreed that he "undertakes the obligation of respecting the composition and presentation of 'The Product' object of this contract, without manipulation nor sale in other bottles or packaging or under another name or brand other than 'The Manufacturer's.'"  Ex. A, p. 5.  Moreover, Rosas also agreed that he "recognizes the great value of the clientele associated with the brand COSECHA P'URHEPECHA CLASICA'S MR. and the identification of articles or products with such brand. Furthermore, **it accepts that such brand and all rights to the same correspond to and are owned by 'The Manufacturer.'**"  Ex. A, p. 5 (emphasis added).

14.     Accordingly, neither Rosas nor P'urhepecha DV are owners of the COSECHA P'URHEPECHA MARK.  Rosas knew he was not the owner of the COSECHA P'URHEPECHA MARK, acknowledged that he was not the owner of the COSECHA P'URHEPECHA MARK in the Distribution Agreement, yet submitted a false declaration to the PTO claiming that he was the owner of the COSECHA P'URHEPECHA MARK.

///

DEFENDANTS' ANSWER AND COUNTERCLAIMS

## FIRST COUNTERCLAIM

*(Declaration of Non-Infringement of U.S. Trademark Reg. No. 4,285,208)*

15.     Counterclaimants restate and incorporate by reference the allegations in its paragraphs 1 through 9 above as if set forth fully herein.

16.     Counterclaimants do not sell or offer to sell goods bearing words COSECHA P'URHEPECHA as claimed in U.S. Trademark Registration No. 4,285,208.

17.     As set forth in the Plaintiffs' FAC, there is an actual and ongoing controversy between Plaintiffs and Defendants as to whether the Defendants use the '208 Registration and whether Defendants alleged use of the '208 Registration infringes Plaintiffs' rights in the '208 Mark.

18.     Plaintiffs' claims for infringement under 15 U.S.C. §1114(1) and 1125(a), for common law trademark infringement and unfair competition, and for California Unfair Competition under California Business and Professions Code §17200 all require a showing of likelihood of confusion by consumers or potential consumers of the parties' services.

19.     There is no likelihood of confusion between Counterclaimants' goods and Counterdefendants' goods because Counterclaimants do not use the words COESCHA P'URHEPECHA, as claimed in the '208 Registration.

## SECOND COUNTERCLAIM

*(Cancellation of U.S. Trademark Reg. No. 4,285,208)*

20.     Counterclaimants restate and incorporate by reference the allegations in its paragraphs 1 through 13 above as if set forth fully herein.

21.     This action involves a federally registered mark.  Accordingly, this Court is granted jurisdiction to "determine the right to registration, order the cancellation of registrations, in whole or in part, restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."  15. U.S.C. § 1119.

22.     "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."  15 U.S.C. § 1120.

23.     A trademark registration can be cancelled "at any time" if the registration was "obtained fraudulently."  15 U.S.C. § 1064(3).

24.     In the Distribution Agreement, Plaintiff Rigoberto Ruiz Rosas agreed that the Manufacturer "owns the rights derived from the formulas or recipes of the products with the name COSECHA P'URHEPECHA CLASICA'S MR., as well as the production and packaging of the aforementioned food products for distribution and sale . . ."  Ex. A, p. 2.  Plaintiff Rosas also agreed that he "undertakes the obligation of respecting the composition and presentation of 'The Product' object of this contract, without manipulation nor sale in other bottles or packaging or under another name or brand other than 'The Manufacturer's.'"  Ex. A, p. 5.  Plaintiff Rosas also agreed that he "recognizes the great value of the clientele associated with the brand COSECHA P'URHEPECHA CLASICA'S MR. and the identification of articles or products with such brand. Furthermore, **it accepts that such brand and all rights to the same correspond to and are owned by 'The Manufacturer.'**"  Ex. A, p. 5 (emphasis added).

25.     On March 21, 2012, Counterdefendant Rosas's attorney of record, submitted a declaration to the PTO in the application for the '208 Registration stating, "he/she believes the applicant to be the owner of the trademark/servicemark sought to be registered . . . to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce . . ." This is false.  Rosas was not the owner of the mark CO-SECHA P'URHEPECHA and he explicitly agreed in a distribution agreement that he was not the owner of the mark for COSECHA P'URHEPECHA.   Counterdefendant Roasa, at all relevant times, knew that the Manufacturer, Mr. Antonio Farfan Martinez, owned the rights to the name COSECHA P'URHEPECHA.  Ex. A. pp. 2, 5; *see also* Doc. Nos. 1-2, 13-2.

26.     Counterdefendant Roasa, through his attorney of record, knowingly made false, material misrepresentations to the PTO as to its ownership of the '208 Registration with the intent to mislead and deceive the PTO and procure registrations to which it was not entitled.

27.     The PTO reasonably relied on these false representations when it issued the '208 Registration.

28.     The Plaintiff Rosas's statements and conduct, through his attorney of record, constitute fraud on the PTO and, as such, the '208 Registration is subject to cancellation under 15 U.S.C. §1064(3).

29.     Counterclaimants seek an order pursuant to 15 U.S.C. § 1119 cancelling the '208 Registration on the grounds that it is based on fraud on the PTO.

## **JURY DEMAND**

30.     Counterclaimants hereby demand a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants pray for judgment as follows:

A.      A judgment dismissing Plaintiffs' claims for trademark infringement against Defendants with prejudice.

B.      A judgment in favor of Counterclaimants on all of their counterclaims.

C.      A declaration that Counterclaimants have not infringed the '208 Registration.

D.      A order cancelling the '208 Registration.

E.      An award to Counterclaimants of its fees and expenses of litigation because of bad faith and/or pursuant to 15 U.S.C. § 1117(a).

F.      Such other and further relief as this Court may deem just and proper.


Dated: May 26, 2021                          BUCHE & ASSOCIATES, P.C.

                                             By:   */s/ John K. Buche*
                                                   John K. Buche (SBN 239477)
                                                   Byron E. Ma (SBN 299706)

                                                   *Attorneys for Defendants Yasa Marketing, Inc. dba Mazuma Trading Co. and Jorge Gutierrez*

DEFENDANTS' ANSWER AND COUNTERCLAIMS

## <u>CERTIFICATE OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

     I, the undersigned, declare:

     I hereby certify that on May 26, 2021, I caused to be served the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send electronic notification of such filing to the following counsel for Plaintiff:

Juan A. Torres
Whit Bivens
MUSICK, PEELER & GARRETT LLP
624 South Grand Avenue, Suite 2000
Los Angeles, CA 90017-3383
j.torres@musickpeeler.com
w.bivens@musickpeeler.com

Notice of this filing will be sent by e-mail to all parties and the above-specified persons by operation of the Court's electronic filing system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 26, 2021, at La Jolla, California.

                           */s/John Buche*_____
                           John Buche

DEFENDANTS' ANSWER AND COUNTERCLAIMS